## Wytheville.

### KING v. NORFOLK & WESTERN RAILROAD CO.

#### JULY 20th, 1893.

1. DEEDS—*Construction.*—Two deeds embracing same subject matter, between same parties and relating only to same transaction, the latter executed to correct a mistake and supply an omission in the earlier, should be construed together as one deed.
2. DESCRIPTION.—Boundary lines of lands conveyed to a railroad company should stand as fixed by the deeds, and not be shifted to meet any change of the track found necessary or desirable.
3. ADVERSE POSSESSION.—Railroad company's right of way to land conveyed to it under agreement with grantor that he might use any portion of it not needed by the company, he to yield possession whenever it should be needed by the company, is not affected by its being unenclosed, vacant of buildings, or unoccupied at any time.

Appeal from decree of circuit court of Washington county, rendered February 4, 1892, in the chancery cause wherein the appellant, Joseph L. King, was complainant, and the Norfolk and Western railroad company was defendant. Opinion states the case.

*Vance,* and *White & Buchanan,* for appellant.

*Fulkerson, Page & Hurt,* for appellee.

FAUNTLEROY, J., delivered the opinion of the court.

By a deed dated 18th of June, 1848, James King conveyed to the Virginia and Tennessee Railroad Company a parcel of

land, 370 feet wide, and 1500 feet long, which said length, the evidence shows, was three times the length that the said James King's ownership and right to convey extended, and ran the distance of 1000 feet into the lands of S. E. Goodson, the co-terminous land owner. This deed was acknowledged June 18, 1848, and was recorded December 31, 1857. The land conveyed by the said deed is described in said deed as "a parcel of land containing about ten acres, and lying on the line of the Virginia and Tennessee railroad, near the line between the States of Virginia and Tennessee, and bounded as follows: Commencing at a stone on the State line, 185 feet from the centre line of said road and at right angles to the same, and running at right angles across said centre line a distance of 370 feet, thence parallel to the said line of road a distance of 1500; thence at right angles across the road a distance of 370 feet; thence parallel to the line 1500 feet to the point of commencement, containing ten acres in addition to the 80 feet before conveyed for the right of way to said road: provided, however, that the said company shall have no power to sell or convey said land to any other person; nor shall the said company have the right to use any portion of said land for any other purposes than those strictly connected with the business of the road; nor shall the said company have the right to erect any buildings on said land designed for a residence for the agents or servants of the company, or for any other purpose. It is further understood, that the said James King shall have the right to use any portion of the land not required by the said company, he yielding possession of the same whenever the land shall be needed by the company." And with the further proviso, that "for the sum of $250 the said James King conveys to the Virginia and Tennessee Railroad Company the right to erect on a portion of the said tract, not exceeding three acres, the buildings necessary for the accommodation of their agents and servants."

By a deed dated the — day of June, 1852, James King con-

veyed to the Virginia and Tennessee Railroad Company a parcel of land 370 feet in width, and extending from the line of S. E. Goodson to the line between the States of Virginia and Tennessee. This deed was not recorded, but is wholly in the handwriting of James King, and was in the possession of the appellee, the Norfolk and Western Railroad Company, the successor of the grantee, the Virginia and Tennessee Railroad Company. This possession is *prima facie* evidence of its delivery by the grantor to the grantee. 2 Greenleaf Evidence, section 297. The deed of June, 1848, and the deed of June, 1852, were made more then forty years ago. James King, the grantor in both the said deeds, lived over fourteen years after the deed of 1852 was made, and died on the 24th day of July, 1886, leaving his will, which was duly proven and admitted to record, never having, either in his lifetime, or in his said will, raised any question, or set up any claim, as to the boundaries of the land conveyed to the Virginia and Tennessee Railroad Company by the deeds of 1848 and 1852; and the appellant, Joseph L. King, allowed twenty-three years to elapse after the death of the said James King, the grantor in the said deeds, before the filing of his bill in this cause. During the long period of over forty years the railroad company has been in the possession, use, and control of the land, and no attempt has been made or asserted by the appellant, or by James King, to use the said land, or to make improvements thereon.

The deed of June 18, 1848, conveyed 1,500 feet of land along the appellee's road, when, in fact, the grantor, James King, owned only 500 feet between the State line and Goodson's line. The deed of 1852 corrected this mistake by conveying the land, 370 feet in width, between the State line and Goodson's line. By the specifications in the deed of June 18, 1848, the grantor failed to convey to the State line, and the land conveyed touched the State line only at the point of beginning, and thereby left unconveyed a wedge-shaped, triangular piece of land between the land conveyed and the State

line. The deed of June —, 1852, corrected this by beginning on Goodson's line and conveying to the State line. From the face of the deed, and from the evidence in the cause, it is manifest that the purpose and achievement of the deed of June —, 1852, corrected the two aforesaid mistakes in the deed of June 18, 1848, as to the boundaries of the land conveyed by both the said deeds.

At the September rules, 1890, the appellant, Joseph L. King, filed his amended bill in the cause of Joseph L. King, complainant, against A. M. Carter *et als.*, defendants, in the circuit court of Washington county, making the appellee, the Norfolk and Western Railroad Company, a party defendant, and charging that, under the deed of June 18, 1848, of James King, deceased, to the Virginia and Tennessee Railroad Company, the said Norfolk and Western Railroad Company had entered upon and was occupying so much of the lands conveyed by the said deed of June 1848, as was needed for its purposes, leaving a considerable portion unoccupied and not needed for the purposes of the said railroad company; that said land had grown to be valuable by reason of the great advance in the value of real estate in and about Bristol, and that its use and possession would now be of great benefit to him, to whom it rightfully belonged; that the whole of the said land described and embraced in the deed of June 18, 1848, is not necessary for the purposes strictly connected with the business of the said Norfolk and Western railroad, and that, by the terms and intendment of the said deed of June 18, 1848, the use of such and so much of the said land as is not strictly needed for the purposes of the said railroad belongs to him under the will of James King, the grantor, and he prays to be decreed to have the enjoyment of the same.

The Norfolk and Western Railroad Company demurred to the bill, and the cause having been submitted on the construction of the will of James King, and on the said demurrer, the court overruled the demurrer and gave leave to the Norfolk

and Western Railroad Company to answer. This the said company did do, filing its answer July 7, 1890, in which, among other denials, it denies that it went into, or could have gone into, possession of all the land conveyed by the deed of June 18, 1848, which undertook to convey three times as much land as the said James King had the right to convey. It denies that any considerable portion of the land which was properly conveyed by the said deed of June 18, 1848, is unoccupied and unused by it; but that it needs not only all the land derived from the said deed of James King, but, owing to its increase of business, needs a great deal more, for depots, switches, and other requirements. It denies that it is asserting a greater interest in, or enjoyment of, said land than it is entitled to; and it denies the right of the appellant, or other person claiming under the will of James King, deceased, to interfere with or question their possession, occupation, and control of the said land, the whole of which, even had there been the ten acres asserted in the said deed, would now be needed for the business of the road; that after the deed of June 18, 1848, the grantor, the said James King, by a deed dated June —, 1852, filed with their said answer, conveyed to the Virginia and Tennessee Railroad Company a certain tract or parcel of land commencing on the north side of the centre line of said road, and 185 feet from the said centre line, on the line between Samuel E. Goodson and King, and, running parallel to the said road, to the Tennessee line; thence along the State line to a like distance on the opposite side; then a parallel to said centre line to Goodson's line; thence along said Goodson line to the beginning; that the appellee, the said Norfolk and Western Railroad Company, holds and claims under the said deed, which was signed by the said James King and delivered to the Virginia and Tennessee Railroad Company, and that said deed covers all the land of which the said Norfolk and Western Railroad Company is now in possession, or was owned and conveyed by the said James King by his

deed of June, 1852, which said deed was made to correct the mistake and the omission in the deed of June 18, 1848.

Testimony was taken in the cause, and on the 14th day of February, 1892, the court, upon final hearing and determination, decreed that the *two* deeds—of June 18, 1848, and of June —, 1852—are both valid conveyances, and should be construed together; and that they invest the grantee with a fee simple title to the land of the grantor covered or embraced by them, or either of them, subject to certain restrictions and reservation, neither of which has been assailed as repugnant; and there is no allegation that any of the restrictions have been disregarded; and that, construing the said deeds, the Norfolk and Western Railroad Company has the exclusive title and absolute right to the use of said land for the purposes strictly connected with its business, except to erect buildings upon it for a residence of the agents or servants of the said company, or for any purposes than those strictly connected with the business of said railroad; and, upon the payment of the sum of $250, the said Norfolk and Western Railroad Company will have the right to occupy not exceeding three acres of said land by the erection thereon of buildings for the accommodation of its agents and servants as residences. That under the reservation in the deed of the grantor to use any portion of the land not required by the railroad company for its purposes, yielding possession thereof whenever required or needed for the purposes of said company, the grantor, or those claiming under him, have no right to make any permanent changes in the property, but merely to use it in the condition in which it is, to cultivate and take from it such products as it may yield, and for that purpose he may enclose the part so cultivated, provided that the part so cultivated is not needed by the railroad company for use or for any of its purposes; and provided further, that no enclosure shall interfere with the rights of the railroad company in the use of the remainder of the land conveyed; but the grantor has no right to place any of said

property in such condition that he cannot yield it up in the condition in which he received it, when it is needed for the purposes of the railroad company.

The court decreed each party to pay his own costs, and directed a commissioner to execute and deliver to Joseph L. King a deed conveying to him the *residuum* of the real estate of James King, deceased, and saved to the appellant, Joseph L. King, his right to assert a claim or right to any land not included in the boundaries set out in the deeds of James King aforesaid to the Virginia and Tennessee Railroad Company. It is from this decree that this appeal is taken.

The deed of June —, 1852, was the necessary supplement of the deed of June 18, 1848, to correct a mistake and to supply an omission in the said deed of June 18, 1848; they embraced the same subject matter, between the same parties, and related only to the same transaction; and the circuit court did not err in holding both of the said deeds valid, and in construing them together.

The deed of June, 1848, refers to the line of the road as then located, because it was not granted until after the fall of 1852 or 1853; and the line as located at the date of both deeds was a straight line or a tangent to the State line, and the track when it was first laid was a straight track to the State line, and it was afterwards curved to connect with the East Tennessee road, the track of which was laid after the track of the appellee was laid. The appellant claims that the boundary lines should curve as they approach the State line, because the main track of appellee's road, as it approaches the State line, has been made to curve to make connection and meet the exigencies of a through trade and travel; and, upon this contention, appellant bases his claim to the land in controversy—a small, triangular piece of ground between Main street, in Bristol (which is the State line), Front street, and the station grounds of the appellee. The circuit court did not err in deciding that the boundary lines shall stand as fixed by the con-

veyances, and not be shifted to meet any change of appellee's main track, which may be found necessary or desirable, in the course of its business, to meet the requirements of accommodating its track to connecting lines of transportation.

Appellant contends also that the appellee is not entitled to the ground covered by the deed, lying between Front street and the railroad track, because it is alleged to have been vacant, unenclosed, and unoccupied from the date of the deed to the present time.

The appellee has the right to use and occupy any or all of the said land, and that right cannot be affected by its being unenclosed, vacant of buildings, or unoccupied at any given time. It was the intention and the legal operation of the deed to grant and to acquire, respectively, land to be subsequently used as the needs and enterprise of the grantee should develop. The grantor's use is, by the express terms of the deeds, subject, at any and at all times, to the right of the grantee to take possession whenever the lands should be needed by the company. The decree complained of defines the respective interests of the appellant and appellee in the lands covered by the deeds and in controversy between the appellant and the appellee, and this was all as to which the said parties litigated and the court could decree between them. The decree is as definite and certain as was necessary or proper upon the controversy between the appellant and the appellee; and the court did not err in not ascertaining what part and how much of the land was necessary for the railroad purposes of appellee. The exigencies of business may, at any time, require a railroad company to change or to enlarge its terminal arrangements and facilities, and its duties to the public as common carrier may require it to increase its tracks and extend its accommodations; and the court could not undertake to fix definitely the *mutatis mutandis* discretion of the appellee to use and control any part of the land conveyed whenever any part of it should be needed or required by it, as expressly provided in the deed.

When the court directed its commissioner to convey to appellant the residuum of the land of James King, outside of the deeds of June, 1848, and June, 1852, it did all that it could do in the cause, and we find no error in the decree appealed from to the prejudice of the appellant.

The appellee, however, complains of so much of the said decree as charges it with its own costs, and we think the error so assigned should be corrected under the rule in favor of the appellee; and our judgment is that the decree appealed from, thus corrected, shall stand affirmed.

DECREE AFFIRMED.