Staunton.

King v. Norfolk and Western Railway Company.

September 12, 1901.

1. Pleading—*Bill of Particulars—When Part of Declaration—Demurrer.*—Ordinarily a bill of particulars is no part of the declaration, and objections to it cannot be raised by demurrer to the declaration, but the rule is otherwise where the parties agree in writing that the case made by the declaration may be supplemented by the bill of particulars.

2. Res Judicata—*Case at Bar.*—A suit to construe a deed and determine the respective rights of the grantor and grantee, without alleging any breach of alleged conditions in the deed, is not a bar to a suit alleging conditions subsequent and a breach thereof by the grantee, and. asserting rights in consequence of such breach.

3. Conditions Subsequent—*Covenants—Rule of Construction—Case at Bar.*—Conditions subsequent are not favored in law, as they tend to destroy estates. When relied upon to work a forfeiture, they must be created by express terms, or clear implication, and are strictly construed. If it be doubtful whether a clause in a deed be a condition or a covenant, courts will incline to hold it a covenant, and leave the parties to their appropriate remedies for its breach. In the case at bar, the deeds, being founded on valuable consideration, will be construed most strongly against the grantor, and, looking to the whole case, and especially to the absence of any clause of re-entry in the deeds, and to the construction placed on them by the parties, the restrictive clauses will be held to be covenants.

4. Deeds—*Clause Against Alienation—Alienation for Like Purposes as Original Grant—Res Judicata.*—The alienation of one railroad company to another, for the purposes originally contemplated by the grantor, does not violate the spirit of a clause against alienation by the first grantee. *King v. N. & W. Ry. Co.,* 90 Va. 210.

5. Construction of Written Instruments—*Parties' Construction.*—

Where the language of an instrument is ambiguous, and the intention of the parties is the subject of inquiry, the construction placed upon such language by the parties themselves is entitled to great weight.

6. EJECTMENT—*Plaintiff's Estate.*—An action of ejectment does not lie to recover the mere use of unemployed lands for an uncertain and indefinite period.   Code, secs. 2730, 2748.

Error to a judgment of the Corporation Court of the city of Bristol, rendered January 9, 1901, in an action of ejectment, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

The opinion states the case.

*Bullitt & Kelly, D. D. Hull, Jr.,* and *Curtin & Haynes,* for the plaintiff in error.

*Fulkerson, Page & Hurt,* and *Joseph I. Doran,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action of ejectment was brought to recover the possession of certain real estate in the city of Bristol.   The declaration is in the usual form and unexceptionable on demurrer.   In response to the demand of the defendant, and in pursuance of the court's order requiring the same, the plaintiff filed a statement or bill of particulars setting forth fully the grounds of his claim.   The demurrer was directed to the declaration and the bill of particulars as being insufficient in law.   This court has held that the bill of particulars required by section 3248 of the Code is no part of the declaration, and a demurrer will not lie for defects in such bill.   *Campbell Co.* v. *Angus Co.,* 91 Va. 438.   Under this ruling it would be necessary to reverse the judgment of the trial court sustaining the demurrer, but for the agreement in writing between counsel, filed with the record, that we may

consider on demurrer the case made by the declaration as supplemented by the bill of particulars.

Considering the case thus made, we are of opinion that the defendant in error cannot rely upon the case of *King* v. *N. & W. Ry. Co.*, 90 Va. 210, as an adjudication of all the questions raised in this litigation. The scope of that decision was to construe the deeds of 1848 and 1852, and the rights of the grantor and grantee thereunder irrespective of any allegation of a breach by the grantee of the conditions of the deeds. See pages 215 and 217 of the court's opinion.

The gravamen of the complaint in this case is the alleged breaches of conditions in the deeds which, it is insisted, entitle the plaintiff in error to an absolute recovery of all the premises.

It appears from the bill of particulars that about fifty years ago, by two separate deeds, James King, Sr., through whom the plaintiff in error claims title, conveyed to the Virginia and Tennessee Railroad Company, the predecessor in title of the defendant in error, the lands now in controversy, for railroad purposes. The two deeds referred to are dated, respectively, June, 1848, and June, 1852, and the language material to the present consideration is as follows:

First deed.—" Provided, however, that the said company shall have no power to sell or convey said land to any other person, nor shall the said company have the right to use any portion of said land for any other purposes than those strictly connected with the business of the road. Nor shall said company have the right to erect any buildings on said land designed for residence for the agents or servants of the company, or for any other person."

Second Deed.—" Provided, however, that the said company shall have no power to sell and convey said land or any portion of it to any other person whatsoever, nor shall they have the

right to use any portion of said land for any other purposes than those strictly connected with the business of the road."

The contention of the plaintiff in error is that these provisions, taken together, constitute conditions subsequent, the non-fulfilment of which results in a forfeiture of the estate, giving the grantor the right to re-enter and possess himself of his former estate; and that this right has passed to the plaintiff in error as alienee of the original grantor.

Conditions subsequent are not favored in law because they tend to destroy estates. When relied upon to work a forfeiture they must be created by express terms or clear implication, and are strictly construed. If it be doubtful whether a clause in a deed be a covenant or a condition, the courts will incline against the latter and adopt the more benignant construction upholding the instrument and leaving the parties to pursue their appropriate remedies for the breach of covenant. 4 Kent's Com., pp. 129-30.

We are of opinion that the language employed in the deeds under consideration is apt language to create a fee simple, and that the superadded words, under the authorities, amount to covenants rather than conditions. The deeds are not voluntary, as contended, but are based upon the benefits to accrue to the reserved property of the grantor by reason of the use of the granted premises as a railroad terminal; hence they must be interpreted as any other deeds based upon a valuable consideration. The language is to be taken most strongly against the grantor, and most favorably to the grantee.

The stipulation against alienation does not, as contended, constitute the estate granted a fee qualified or base fee. Such an estate is one that may, by its limitation, continue forever, but has a qualification annexed in pursuance of which it may be determined at any moment. 2 Min. Inst. 77.

The law favors the free alienation and transfer of property,

and it is not a strained construction to hold that an alienation by one railroad company to another, for the purposes originally contemplated by the grantor, would not violate the spirit of the instrument. The question that such an alienation does not work a forfeiture in this case has been adjudicated by the former decision of *King* v. *N. & W. Ry. Co.,* 90 Va. 210, for that suit was by the predecessor in title to the present plaintiff and against an alienee of the original grantee.

The intention of the parties to the instrument is of controlling efficacy. 4 Kent's Com. 132. In ascertaining the intention of James King, Sr., it is to be observed that neither deed contains a clause of re-entry. While the presence of a clause of re-entry is not essential to the creation of a condition subsequent, the absence of such a clause, in connection with other circumstances, tends to sustain the construction that a covenant, rather than a condition, was intended. There being no clause of re-entry, we are left untrammelled to ascertain the intention of the parties in the light of all the circumstances surrounding them at the date of the execution of the deeds, as disclosed by the deeds themselves and by the facts set forth in the bill of particulars.

In the light of these sources of information, and of the authorities, we are of opinion that by the deeds in question James King, Sr., intended, without thought of a possible reverter to himself, to establish upon the land granted a railroad terminal; the prime object being to enhance the value of his remaining lands lying adjacent to those granted. That the parties did not propose by the language of the deeds to create technical conditions, a breach of which would work a forfeiture of the estate, but only intended to create such restrictions as were thought necessary to regulate and to secure their permanent occupancy strictly for railroad purposes. In this connection it may be remarked that the uses to which the property has been put, as set out in the bill of particulars, appear to be all connected with the business of the defendant company.

The fact that in the original litigation the plaintiff did not rely upon the alleged grounds of forfeiture, then existing, which are now insisted upon, is significant, in that it shows the construction placed by the parties upon the deeds at that time, and such construction is entitled to weight when the language employed is ambiguous and the intention of the parties is the subject of inquiry. The conclusion being that covenants, and not conditions, were contemplated, it follows that the demurrer was properly sustained, as ejectment does not lie for the breach of a covenant.

Under paragraph seven of the bill of particulars it is claimed that portions of the land in question are not now, and never have been, used by the defendant railroad company, and that the plaintiff is entitled to the possession of them under the deeds, as construed by this court in its former decision, and has the right to recover such unused portions in this action. In the former case the deeds in question, which are made parts of the bill of particulars, were construed, and the rights of the parties thereunder clearly defined and settled, particularly with respect to the right of the grantor to the use of that portion of the land not used by the defendant company, the court holding that "the deeds in question were valid conveyances, and should be construed together; that they invest the grantee with a fee simple title to the land of the grantor covered or embraced by them, or either of them, subject to certain restrictions and reservations. * * *. * That under the reservation in the deed of the grantor to use any portion of the land not required by the railroad company for its purposes, yielding possession thereof whenever required or needed for the purposes of said company, the grantor or those claiming under him have no right to make any permanent changes in the property, but merely to use it in the condition in which it is, to cultivate and take from it such products as it may yield, and for that purpose he may enclose the part so cultivated, provided that the part so cultivated is

not needed by the railroad company for any of its purposes; and, provided, further, that no enclosure shall interfere with the rights of the railroad company in the use of the remainder of the land conveyed; but the grantor has no right to place any of said land in such a condition that he cannot yield it up in the condition in which he received it, when it is needed for the purposes of the railroad company.   *   *   *·   It was the intention and legal operation of the deed to grant and to acquire, respectively, land to be subsequently used as the needs and enterprise of the grantee should develop.   The grantor's use is, by the express terms of the deeds, subject at any and all times to the right of the grantee to take possession whenever the lands should be needed by the company." *King* v. *N. & W. Ry. Co.,* 90 Va. 210.

The claim made by the declaration is to the whole premises in fee simple absolute; while the claim asserted under clause seven of the bill of particulars is to the use of that portion of the land not required by the defendant company for its purposes. Under the construction put upon the deeds by the former decision, the plaintiff in error could only assert a right to the mere use of the unemployed lands, and that for an uncertain and indeterminate period; only until the same might be required by the defendant for its purposes; an indefinite time which could not be stated in advance.

Section 2730 of the Code provides that "the plaintiff shall state (*i. e.,* in his declaration) whether he claims in fee or for life, or the life of another, or for years, specifying such lives or the duration of such term, and when he claims an undivided share or interest he shall state the same."

Section 2748, following the language of 2730, provides that "the verdict shall also specify the estate found in the plaintiff, whether it be in fee or for life, stating for whose life, or whether it be a term of years, and specifying the duration of such term."

The plaintiff in error does not assert title to, and under the

deeds as heretofore construed, cannot assert title to any such estate as is contemplated by these sections, and therefore cannot maintain ejectment to recover the right to the use of the land in question.

Upon the whole case the judgment must be affirmed.

*Affirmed.*