T. E. ANGEL v. P. A. BASHAW.

February Term, 1909.

Present:    ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed May 31, 1909.

*Sale of Real Estate—Right to Rescind Contract—Estoppel— Taxes Assessed on Premises After Purchase—Purchaser's Liability to Pay—Decree as to Payment of Taxes.*

By a written contract the orator sold defendant certain premises in the latter's possession as lessee, orator agreeing to build a barn thereon, and defendant sold orator the lumber therefor. Defendant claimed that orator's conduct in respect of the measure-

ment of the lumber was such a breach of the contract as entitled
defendant to an allowance for the lumber at its full value re-
gardless of the agreed price. *Held* that if the conduct complained
of entitled defendant to rescind the contract, in whole or in part,
he failed to exercise that right by any notice or act of rescission;
and that his failure in that respect, and his conduct in measuring
part of the lumber taken by the orator, and standing by in silence
while orator used the remainder in performance of the contract,
by attaching it to the premises that he was required to convey
to defendant by a provision of the contract which defendant al-
ways treated as in force, was inconsistent with any claim of
rescission and that, if defendant was entitled to any allowance,
it was only by way of damages.

As between the vendor and the purchaser of land in the latter's posses-
sion, the purchaser is liable for the taxes assessed on the prem-
ises after the purchase, in the absence of any provision on that
subject in the contract.

In a suit by the vendor against the purchaser of real estate, wherein
the purchaser was properly held chargeable with taxes assessed
after the purchase, provisions in the decree permitting the pay-
ment of the taxes in the first instance by either party, without
regulating the exercise of the option, neither make the decree
void for uncertainty nor erroneous in substance.

APPEAL IN CHANCERY. Heard on pleadings and master's
report at the June Term, 1908, Caledonia County, *Hall,* Chan-
cellor. Decree for the orator. The defendant appealed.

The contract mentioned in the opinion was in writing, duly
witnessed and acknowledged, but was not recorded. The decree
provided that ''If the orator pays the taxes assessed against the
premises for the years 1906, 1907, and 1908, as found in the
report, and presents to the clerk of that court receipts for the
same, the defendant, in order to redeem his equity, shall pay
the amount of those taxes in addition to the sum hereinafter
found to be due.''

*W. A. Dutton* for the orator.

When the parties themselves, by their conduct have placed
a construction upon a contract, that construction will be followed
rather than an interpretation inconsistent therewith. *Vt. & C.*

R. R. v. Central R. R. Co. et al. 34 Vt. 1; Tullar v. Baxter, 59 Vt. 467; White and Hammond, Exrs. v. Amsden, 67 Vt. 1.

The defendant waived any right to notice. He stood by and saw the orator drawing the lumber and measuring it as it was unloaded at Woodbury; and then and there made no effort to measure it himself, neither did he object to the course the orator was taking; but afterwards measured the remainder of the lumber at orator's yard, after the same was drawn. California etc. Co. v. Callender, 94 Cal. 120, 28 S. R. 99; Paige v. Fullerton Woolen Co. 27 Vt. 485; Sargent v. Seward, 31 Vt. 509; Davenport v. Crowell et al. 79 Vt. 419.

B. E. Bullard for the defendant.

The orator broke that part of the contract relating to the lumber, by taking possession thereof when, by the terms of the contract, something remained to be done to it before orator's ownership thereto attached. Patchin v. Smith, 21 Vt. 292; McNitt v. Clark, 7 Johns. 59; Center v. Center, 38 N. H. 318. The conduct of the parties, that is the defendant demanding to be present and the orator agreeing to notify him, aids the construction that by this provision it was intended that the lumber should be surveyed or counted at Wolcott, before it was moved. Gray v. Clark, 11 Vt. 583; Barker v. Troy & R. R. Co., 27 Vt. 14; White v. Amsden, 67 Vt. 1.

MUNSON, J. This controversy grows out of matters evidenced by a contract dated October 13, 1905, by which the orator sold the defendant certain premises in Woodbury then in defendant's possession as lessee, and agreed to build a barn thereon as soon as it could conveniently be done; and by which the defendant sold the orator four stacks of lumber in Wolcott, to be taken by the orator in the stack, and from which the barn was to be built if the defendant so elected; and by which it was further provided that as soon as the barn was built, and the quantity of the lumber determined, the orator should convey the title to the defendant, and receive notes for the balance due him, secured by a mortgage of the premises. This agreement also provided that the quantity of the lumber should be ascertained "by counting the same in the stacks or when drawn" at the option of the orator.

The master finds that some of the lumber was drawn before the orator informed the defendant when it would be measured, and without the defendant's knowledge; that the orator afterwards notified the defendant that he would count the lumber as he drew it, and that the defendant then requested the orator to notify him by telephone at his expense when he was ready to draw, as he wished to be present at the drawing; that the orator drew more of the lumber without notifying the defendant as requested, or giving him any notice that enabled him to be present; that the orator afterwards informed the defendant that he could not tell when the balance would be drawn, owing to the uncertainty of the roads and the inability to secure teams; and that after the drawing was completed the orator so informed the defendant by letter.

All the lumber, except that used in the construction of defendant's barn, was afterwards measured in the orator's yard by the official surveyor on the defendant's procurement. Before any of the lumber was drawn, the defendant understood that some of it was to be taken to Woodbury, to be used in building his barn. This was measured by the orator when it arrived at Woodbury, but was not measured by the defendant until it had gone into the barn and the barn was completed. The defendant was present when it was unloaded, saw the orator measure it, and could have measured it himself if he had desired.

The defendant claims that the orator's conduct regarding the measurement was a breach of the contract which entitles him to an allowance for the lumber at its full value, regardless of the price agreed upon. It is not necessary to determine the controverted point regarding the construction of the provision for measurement, nor to inquire whether the default complained of was one which entitled the defendant to rescind the contract wholly or in part. If the defendant had the right to rescind, he failed to exercise it by any notice or act of rescission, but proceeded to measure a part of the lumber taken, and stood by in silence while the orator used the remainder in performance of the contract by attaching it to premises which the defendant occupied, and which the orator was required to convey to him by a provision of the contract which the defendant has always treated and still treats as in force. The defendant's silence in these circumstances was inconsistent with any claim of rescission.

If defendant is entitled to any allowance it is by way of damages. But no damage appears; for the quantity is ascertained from measurements made on defendant's procurement, or made in his presence without question, and the findings bring all the lumber within these measurements.

The decree is correct as regards the taxes. The contract contains nothing on the subject. The premises were set to the orator in the grand list, and the parties are agreed in saying that this was properly done. So the orator is holden for the taxes, but as between the orator and the defendant the duty of payment rests on the latter. A vendee in possession is chargeable with the taxes assessed after his purchase. *Bradford* v. *Union Bank,* 13 How. 57, 14 Law. Ed. 49. The provisions of the decretal order which permit the payment of the taxes in the first instance by either party, without regulating the exercise of the option, do not make the order void for uncertainty or erroneous in substance. The burden upon the defendant is the same under either alternative; nothing but its form is left to be determined by the party taking action. It can hardly be necessary to provide for the contingency of a simultaneous payment or offer of payment by both parties. But if any difficulty is feared, the chancellor can properly amplify the provisions in question.

*Decree affirmed and cause remanded. Let a new time of performance and of redemption be fixed below.*