L. A. BIGGER, *Appellant,* v. FRANCES A. UNDERWOOD, *Appellee.*

No. 17,862.

### SYLLABUS BY THE COURT.

TAX LIEN—*Conveyance of Land—Liability for Taxes.* In September a son sold certain lots belonging to his mother, giving a deed duly executed by himself as her attorney in fact. The grantee, insisting on a deed direct from the mother, paid the consideration upon the understanding with the son that the deed executed by him should be held until the grantor could return from abroad, when she would execute one herself. An instrument dated October 29 sent to her was executed November 3 and thereafter delivered. Aside from the execution and dates both deeds contained the same covenants, recited the same consideration and were identical in terms. *Held,* that the lots were conveyed in September and the grantor is not liable for the taxes which became a lien November 1.

Appeal from Reno district court. Opinion filed December 7, 1912. Affirmed.

*W. G. Fairchild,* and *H. S. Lewis,* both of Hutchinson, for the appellant.

*F. F. Prigg,* and *C. M. Williams,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

WEST, J.: Certain lots in Hutchinson, some owned by one W. H. Underwood and the others by his mother, Frances A. Underwood, were sold to the plaintiff. Early in September, 1908, the son conveyed his lots and also executed a deed as attorney in fact for his mother for those owned by her, and received the consideration. It appears that the plaintiff desired a deed direct from the mother for her lots, and that pursuant to an agreement with the son such deed was executed, dated October 29, 1908, acknowledged November 3, and thereafter delivered and recorded. It recited a consideration of $3000 and contained certain special covenants and warranties. The plaintiff paid $212.18 taxes which became a lien on November 1, and brought this action to recover the amount. The defendant alleged that a deed in terms identical with the one just referred to was executed and delivered in September before the taxes became a lien, except that the grantor's name was signed by her attorney in fact, and that the full consideration was paid at that time and full title completely conveyed; that the second deed, owing to the fact that it had to be sent to Massachusetts for signature and acknowledgment, was not delivered until November; that it was without consideration; and that no title passed thereby, but that the second deed was given merely as a matter of accommodation at the request of the plaintiff to take the place of the former deed in order that the title might appear better of record. The court found for the defendant and the plaintiff appeals.

It appears that in September, when W. H. Underwood delivered the deed for his lots and executed as attorney in fact the one for those owned by his mother, he agreed that she would execute a deed in her own name, and as the consideration was desired it was paid upon the understanding that the deed executed by him

should be held until the mother should return from abroad, when she would execute one herself. The plaintiff contends that the first deed was not satisfactory to him and was never accepted as the final transaction in closing and completing the deal; that the second deed is the one determinative of the controversy; that the expressed consideration of $3000 can not be disputed for the purpose of destroying its effect as a conveyance, and as the grantor saw fit to execute it after the lien attached, she is liable.

The controlling question is, When did the title pass? We regard the purchase as complete in September. The first deed conveyed the entire title, and when it was turned over to one of the parties acting for the plaintiff (as it seems to have been) upon full payment of the consideration he became the owner of the lots and the defendant ceased to hold any title thereto or interest therein. True, the plaintiff was by virtue of the agreement with the son entitled to a deed direct from the mother upon her return, but not for the purpose of conveying the lots—only in order to enable the records to show that the title which she had already conveyed by her attorney in fact was transferred by her directly. As evidence of the conveyance already made and paid for it was to supersede the former deed. It was somewhat like a deed of correction.

"In order to determine what was intended by a deed, separate or in different instruments may be construed together . . . where a deed is made to correct a mistake and supply an omission in a previous deed between the same parties." (13 Cyc. 614, 615.)

In *St. Joseph v. Baker*, 86 Mo. App. 310, an acknowledged deed to one piece of land was made and delivered but not recorded. Five years later it was given up to the grantor to insert additional property, redate and redeliver it, and this transaction was held tantamount to destroying the original deed by consent and executing another, without an intention of revest-

ing the title; that the new deed was a single instrument, and it could not be shown by parol that one piece of property was conveyed at one time and another at a different time; also, that the grantee owned the property described in the first deed from the time of is delivery, and was not estopped to assert such ownership by the second deed. In *Pittsburgh, etc., R. Co. v. Beck,* 152 Ind. 421, 53 N. E. 439, it was held:

"Where a mistake was made in a deed, a deed of correction and confirmation relates back to the time of the original conveyance, no new rights having intervened." (Syl.)

In *King v. Norfolk & Western Railroad Co.,* 90 Va. 210, 17 S. E. 868, holding that it is proper to construe together a deed and one made subsequently to correct an omission, it was said:

"The deed of June —, 1852, was the necessary supplement of the deed of June 18, 1848, to correct a mistake, and to supply an omission in the said deed of June 18, 1848. They embraced the same subject-matter, between the same parties, and related only to the same transaction; and the circuit court did not err in holding both of the said deeds valid, and in construing them together." (p. 216.)

The supreme court of Wisconsin ruled, in *Hutchinson v. The Chicago & Northwestern Railway Company,* 41 Wis. 541, that there is no valid reason why a corrected conveyance from the grantor should not have the same effect as though the correction had been made by the judgment of a court of equity instead of the voluntary act of the parties. Had the plaintiff sued to compel the defendant to execute her deed in accordance with her son's promise, and had the court decreed such execution, we have no doubt it would have related back to the date of the original conveyance, for the reason that the actual title and ownership could not be increased by the second instrument, but only a better paper chain of title thereby furnished.

Counsel insist that according to the doctrine of

*Miller v. Edgerton,* 38 Kan. 36, 15 Pac. 894, the consideration can not be disputed to the extent of defeating or varying the conveyance. In that case was involved the competency of oral evidence to vary a written contract and the right of grantors to claim ownership of one-half the proceeds of the property conveyed by them. It was held that the effect of the deed could not thus be destroyed. In *Graves v. Graves,* 29 N. H. 129, it was held that the receipt of a consideration admitted in a deed can not be contradicted for the purpose of raising a resulting trust for the grantor. It was said:

"The very purpose of this evidence is to defeat this conveyance. Its object is to reduce it to a writing having the form of a conveyance, but by which nothing is really conveyed. It purports to convey this property to Thaddeus Graves. It operates, if this evidence is admitted, to convey to him nothing which the law does not instantly restore to the plaintiff. No case can be supposed of evidence admitted to disprove a consideration for the purpose of entirely defeating a conveyance, if this is not." (p. 144.)

But this is not a case of disputing or disproving consideration in order to defeat a deed. It is an instance of showing that the consideration named had, in fact, been paid when the former deed was made, which consideration supported both deeds. While the former deed was not offered in evidence, it is conceded that it was executed and the testimony indicates its delivery. It is stated in the defendant's brief, without contradiction, that it contained the same covenants found in the second deed, and at all events it must be deemed that the former passed the title. Suppose the first deed had been the one desired by the plaintiff and after its delivery had been lost, and upon the defendant's return home she had been requested to execute another in its place, would the fact that she did so at that time, although after the 1st of November, be sufficient to hold her liable for the taxes? The plaintiff contends that while the intention of the parties may be shown it must

be determined by the instrument itself, and that no case can be found which would authorize oral testimony to nullify or change its covenants. Aside from any oral testimony, had the first deed been in existence it could, without the violation of any rule of evidence, have been received and would have shown a complete transfer of title, reciting identically the same consideration named in the second deed. No complaint is made that the first deed was not itself offered in evidence, and the case must be viewed as if it had been. Being confronted with these two deeds from the same grantor, conveying the same property for the same consideration, it would have been for the court to determine whether, under the circumstances shown by these two instruments alone, the grantor could be held liable for the taxes. These two instruments would of themselves conclusively indicate that the second deed was a mere reiteration of the first, to all intents and purposes, and that it was made at a time when the grantor had nothing to convey and was attempting to convey nothing save as had already been done by the first instrument. With these two deeds in evidence the oral testimony concerning the arrangement made by the son would not have the effect of defeating either instrument as a deed or of changing its character. It would simply make it the plainer that the court should consider them as one in evidence of the real contract made between the parties in September.

The statute requires the grantee, in the absence of agreement, to pay the taxes if the "land is conveyed between the 1st day of March and the 1st day of November." (Gen. Stat. 1909, § 9392.) The first deed conveyed all the title and vested full ownership in the grantee. The second is to be construed and considered as a reassertion of the former, adding nothing to its effect and binding the grantor to nothing additional, but only supplying evidence that the former transfer was direct from the owner. It was held in *Miller v.*

*Corey,* 15 Iowa, 166, that a vendee who took possession of the premises under bond for good and sufficient deed clear of all incumbrance upon payment of certain notes was liable for the taxes assessed upon the property after taking possession, for the reason that the vendor was holder of the legal title only in trust for the vendee upon payment of the purchase price, and that the vendee was to be regarded as the real owner of the property. To the same effect was *Farber v. Purdy,* 69 Mo. 601.

(See, also, *Angel v. Bashaw,* 82 Vt. 252, 73 Atl. 23, and note, 18 A. & E. Ann. Cas. 449.)

It is argued by the defendant that the covenants were not sufficient to cover the taxes in this case, but owing to the views already expressed it is not necessary to consider this question.

The judgment is affirmed.