# 𝔚𝔥𝔢𝔢𝔩𝔦𝔫𝔤,

GEORGE EX'R, *et al. v.* COOPER, TRUSTEE, *et al.*

Decided November 15, 1879.

1879
Special Term.

1. If land be conveyed to a party, who at same time by deed of even date conveys the same to a trustee to secure the unpaid purchase-money, the two deeds will be regarded as parts of the same transaction, and the seizin of the grantee in the first deed will be held to be instantaneous and transitory, and his widow will not be entitled to dower in the land against the vendor, though she did not join in the deed of trust, but she will be entitled to dower in the surplus after the payment of the purchase-money so secured.

2. An injunction ought not to be granted to prohibit the owner or his executor, if by the will authorized to sell the land, from selling the land, *pendente lite*, where a deed of trust has been given on the land and the court has enjoined the sale of the land by the trustee because the amount of the liens on the land has not been ascertained.

3. The heir or devisee, as well as the widow when she is entitled to dower, must be parties to every suit to foreclose a mortgage in fee on real estate, or to sell lands by order of the court which have been conveyed in fee simple to a trustee to pay the grantor's debts.

Appeal from and *supersedeas* to a decree of the circuit court of the county of Brooke, rendered on the 19th day of March, 1878, in a cause in said court then pending, wherein Samuel George, executor, &c., was plaintiff, and J. M. Cooper, trustee, and othere were defendants, allowed upon the petition of said George.

Hon. Thayer Melvin, judge of the first judicial circuit, rendered the decree appealed from.

1879
Special Term.
George, Ex'r,
v.
Cooper, Trustee,
et al.

GREEN, PRESIDENT, furnishes the following statement of the case:

Montgomery Walker on March 14, 1872, purchased of James Waugh and Adam Kuhn, executors of Talbot Hammond, a tract of land of two hundred and fifty acres in Brooke county, in this State, for $13,300.00, payable one-fifth in cash and the residue in four equal instalments of $2,660.00 each, with interest from the 1st day of April, 1872, payable on the 1st days of July, 1873, 1874, 1875 and 1876 ; and the said executors of Talbot Hammond and his widow on the 14th day of March, 1872, conveyed by deed of that date to the said Montgomery Walker said tract of land, and at the same time received the cash payment of him and took his four notes of $2,660.00 each for the deferred payments, which he by a deed of trust, executed at the same time, secured on this tract of land, the same being by a deed of even date conveyed to J. M. Cooper to secure the payment of the purchase-money notes. Jane Walker, the wife of Montgomery Walker, did not join in this deed of trust. The two notes due July 1, 1874, and July 1, 1875, were paid by Montgomery Walker, the maker. The first of these four notes, payable July 1, 1873, was transferred by the executors of Hammond, to whom it was payable, to Thomas Buchannon, one of the devisees, and by him it was sold to John S. Beall, on November 8, 1873, for $2,600.00, paid in cash. Interest was paid on this note at the rate of six per cent per annum till April 1, 1876. In February, 1877, Montgomery Walker died; and this deed of trust given to secure this note being about to be foreclosed, Samuel George, the executor of Montgomery Walker, to obtain further indulgence, agreed to pay, and did pay, on April 1, 1877, one year's interest on this note to that date at the rate of eight per cent per annum, that is, $212.80, or an excess over the proper interest of

1879
Special Term.

George, Ex'r,
v.
Cooper, Trustee,
et al.

$53.20. He also agreed thereafter to pay semi-annually four per cent on this note; but he never paid any more interest; and none of the principal was paid.

The fourth of these notes of $2,660.00, the one due July 1, 1876, was assigned by Hammond's executors, to whom it was payable, to E. F. Allen, one of the devisees, and by him it was assigned for value to the Wellsburg National Bank. Montgomery Walker, the maker of this note, paid to the bank the interest on this note at the rate of six per cent per annum up to July 1, 1876; and on April 1, 1877, after the death of Walker, the bank received from Samuel George, executor of Montgomery Walker, $159.60 as interest from July 1, 1876, that is, nine months interest at the rate of eight per cent per annum, or $39.90 more than the legal interest then due; and he agreed to pay four per cent interest semi-annually thereafter; but he did not make any payment further. No part of the principal of this note was ever paid. This excess of interest and this promise were made to obtain indulgence on this debt, as the deed of trust was about to be foreclosed.

On October 26, 1877, he having failed to pay the four per cent interest due on these two notes, according to this agreement, on October 1, 1877, the holders of these two notes ordered the trustee, J. M. Cooper, to sell the the land under the deed of trust. He accordingly advertised the land for sale on December 1, 1877, excluding from the land to be sold sixty-three acres which had been conveyed by Walker in his lifetime to Charles Swartsfeger, and also sixteen acres which had been conveyed by him to Gibson Wharton. The day before this sale was to take place Samuel George, executor of Montgomery Walker, obtained from the judge of the circuit court of Brooke county an order to restrain this sale. In his bill he alleges that the notice of sale of the trustee was not such as the law required; sets out the usury above stated; and claims that there was other usury also in the transaction; and asks that no sale be allowed

till accounts have been properly taken; and he also states that he believes that the first note above described had not been paid in full; and he states that Jane Walker, the widow of Montgomery, has or will at the first opportunity renounce the provisions in her favor in the will and claim dower in this land; and he makes her and the trustee, Cooper, and the bank parties; and subsequently John S. Beall was made a party defendant by an amended bill. No proof was adduced during the pendency of the case that this first note had ever been paid, and the facts with reference to these notes were clearly proven as above stated. Answers were filed by the bank and by John S. Beall, and evidence taken; and from the pleadings and evidence now in the cause there is no doubt as to the true amount due on this deed of trust, and what amount of usurious interest has been paid on these debts secured by the deed of trust. The bill and amended bill expressly disclaim any discovery as to the usury or any other matter, and state they were only sworn to in order to obtain the injunction asked; and with the bill is filed a copy of the will of Montgomery Walker.

Pending the suit Samuel George, executor of M. Walker, advertised the land at public sale on January 15, 1878; and on January 7, 1878, on application of the defendants for an injunction to prohibit Samuel George, executor of M. Walker, from selling this land, the judge of the circuit court of Brooke county made an order in vacation ordering that the plaintiff, said Samuel George, executor of M. Walker, as well as the defendants, against whom a restraining order had already been issued, be inhibited and enjoined from proceeding to sell or offering for sale the real estate belonging to the late M. Walker, whether under his will, this deed of trust, or otherwise, till the further order of the court or of the judge in vacation. At a special term of the court, January 16, 1878, motions were made to dissolve these injunctions respectively, and affidavits were filed proving the above state of facts. The court took

time to consider these motions, but never acted upon them. On the application for the second injunction the Wellsburg National Bank and J. S. Beal made a suggestion in writing, in which they say: "they are informed that the widow of Montgomery Walker has re- nounced the provisions of her husband's will, so that any sale made or pretended to be made, by the said executor must be subject to dower, which will have the effect of injuring the sale of said property, even if the same could otherwise be valid." The copy of the will of Montgomery Walker filed with the bill is as follows:

"I Montgomery Walker, considering the uncertainty of life, do make this my last will and testament:

"1st. I will and bequeath to my wife, during her natural life, the farm on which I now reside, containing three hundred and twenty-eight acres, and as much of the personal property, consisting of horses, sheep, cows, farming implements and household furniture, as she may select for the use of the farm, and the balance of all my real and personal property to be disposed of at a proper time, selected by my executor hereinafter named, to be sold, and the proceeds applied to the payment of all my debts. The balance left over and above paying all my just debts my executor will pay to my wife, to be disposed of by her as she may think best.

"2d. At the death of my wife it is my will and desire that my executor will sell the farm of three hundred and twenty-eight acres, on which I now reside, and divide the proceeds into four equal shares, the interest on one- fourth to be paid annually to Mrs. Anna, wife of William North; the interest on one-fourth to be paid annually to Mary W., wife of Milton Wells, during their natural *life*, and at their death to be divided equally among their living heirs; also one-fourth to Mrs. Ella J., wife of Zane McCulloch, after deducting three thousand dollars ($3,000.00) of which, in part, I have paid and the balance he holds my notes; after deducting the $3,000.00 my executor will pay the interest on the bal-

1879
Special Term.

George, Ex'r,
v.
Cooper, Trustee,
et al.

ance to Mrs. Ella McCulloch the same as Mrs. North and Wells; and the remaining one-fourth to the five children of my daughter Hattie, deceased, wife of C. B. Hedge, be divided equally and paid to them as soon after the death of my wife as my executor can sell the farm and pay to each conveniently.

" 3d. I hereby appoint my friend, Samuel George, my executor."

The depositions of witnesses having been taken establishing clearly the facts above stated, on March 19, 1878, the court rendered a decree deciding that Jane Walker was not entitled to dower as against the purchase-money notes, and thereupon that the bill should be dismissed as to her, which was done; that the bank did not violate its charter in purchasing one of said notes, but that in receiving interest at the rate of eight per cent per annum it brought itself within the provisions of the act of Congress of June 3, 1864, and cannot recover interest from and after the date to which interest has been paid; and that the said bank was entitled to the benefit of said trust security as to the principal of said note so held by it, but not as to the interest which was cancelled by its said act; and that as to the note held by John S. Beall, any questions arising on the allegations of usury are legal questions to be tried in another forum. The court further determined to retain the case and execute the trust; and the complainant agreeing that in the event of a credit being given for portions of the purchase-money the claim of the Wellsburg National Bank shall bear interest from the date of the decree, the court decreed that the estate remaining unsold in the bill named should be sold by the sheriff of Brooke county, for one-third in cash, and the balance in two equal instalments, payable in one and two years from the day of sale, after a certain publication of the time and place of sale prescribed in the decree. The operation of the decree was suspended for forty days, to afford the plaintiff an opportunity of applying for an appeal and *supersedeas*. At the same term by consent of par-

1879
Special Term.

George, Ex'r,
v.
Cooper, Trustee,
et al.

ties the sheriff of Brooke county was appointed a receiver to lease said farm for a spring crop of grain and grass.

From this decree an appeal and *supersedeas* were awarded the complainant by this Court.

*Daniel Peck* and *J. C. Palmer,* for appellant, cited the following authorities :

71 N. Y. 161 ; 72 Pa. 459 ; 62 Mo. 320 ; Code, ch. 75, §1; Code 1860, ch. 119, §1; Code 1849, ch. 119; 69 N. Y. 248 ; 12 Ohio 153 ; 12 W. Va. 278 ; 13 Ohio 107, 115; 16 Ohio St. 417 ; 2 Rand. 427 ; 12 Leigh 343 ; 8 Gratt. 148 ; 9 Gratt. 282.

*Pendleton & Pendleton* for appellees.

GREEN, PRESIDENT, delivered the opinion of the Court:

The first question presented by the record in this cause is: Did the court err in awarding the injunction of January 7, 1878, so far as it prohibited the executor of Montgomery Walker from selling the land under his will ? It seems to me obvious that this injunction ought not to have been awarded. It was done at the instance of the defendants, The National Bank of Wellsburg and John S. Beall. I can not see how it is possible they could have been injured by such sale. They suggest that owing to the widow's claim of dower there would be a sacrifice of the property at such sale. If this were so, how could they be thereby injured ? It would have been a sale *pendente lite,* and could therefore have in no manner incommoded them. There was no necessity to make the purchaser at such sale a party to this suit, or to take any notice of him. He would of course have purchased subject to their prior lien by virtue of the deed of trust. If they were paid in full out of the sale, or otherwise, they would obviously have been benefitted, not injured; and if not paid in full, they could at the proper time have obtained in this suit a decree for the sale of the land to pay what was due to them, precisely as if such sale had

not been made. If the widow thought proper to unite in this sale with the executor, and the debt due under the deed of trust either out of the proceeds of the sale or otherwise had been paid in full, the title of the purchaser at such sale would have been made perfectly good. There was therefore no propriety in enjoining this sale; and the injunction should be dissolved as improvidently awarded.

The next enquiry is: Were the necessary parties before the court to justify the court in making any decree for the sale of this land, or in deciding the controversy on its merits? They obviously were not. The widow having renounced the will, it is obvious that the widow and heirs or distributees, of Montgomery Walker, who were the same persons in this case his children and grandchildren, were entitled to this land after the payment of the debts secured by the deed of trust and all other debts of M. Walker, or to the surplus of the sale of this land after the payment of these debts which were liens on it, and the other debts of M. Walker. For by the will of M. Walker the proceeds of the sale ot this land after the payment of his debts were given to his widow; and as she has renounced the will, they must go to the heirs or distributees of M. Walker, his children and grandchildren, except so far as his widow may have a right of dower in the proceeds of such sale. There has been a question whether the personal representative of a mortgagor of land in fee, or the grantor in a deed of trust conveying land in fee, who occupy similar attitudes, is a necessary party, when a mortgage is to be foreclosed or the land sold by a decree of the court. In England it has been held he is not. See Story's Eq. Pl., §175, p. 209, §186, p. 222, and authorities cited. See also *Patton* v. *Page*, 4 H. & M. 449. But it has been held by the Court of Appeals of Virginia that he ought to be made a party in such a suit. See *Harrison* v. *Harrison*, &c., 1 Call 419. There is however no question of this kind in this cause as the personal representative is the plaintiff in the suit. But all

1879
Special Term.

George, Ex'r,
v.
Cooper, Trustee,
et al.

Syllabus 3.

Syllabus 1.

the authorities agree that where the court is foreclosing a mortgage of real estate in fee, or selling land conveyed in fee by a deed of trust, which is similar, the heir or devisee of the mortgagor is an indispensable party. See Story's Eq. Pl., §196, p. 230 ; *Fell* v. *Brown*, 2 Bro. C. C· 276-278 ; *Polk* v. *Clinton*, 18 Ves. 48-58 ; *Farmer* v. *Curtis*, 2 Sim. 466 ; *Graham's ex'rs* v. *Carter*, 2 H. & M. 6 ; *Mayo* v. *Tompkins*, 6 Munf. 520. It is equally clear that the widow, Jane Walker, is a necessary party to this cause. It is true that she is not entitled to dower in the real estate conveyed by the deed of trust as against the holders of the purchase-money notes, as held by the circuit court; but it is equally true she is entitled to dower in the surplus of the sale of this land, after the debts secured by the deed of trust and the cost of this suit have been paid. See *Hunter's ex'r* v. *Hunter et al.,* 10 W. Va· 321, syl. 10.

The counsel in this case insist that she is entitled to dower in the land itself, as against the deed of trust in which she did not join. But as the deed of trust was given to secure the payment of the purchase-money, and was executed by the grantor of the land simultaneously with the deed to him, he had no such seizin in the land as would entitle his widow to dower in said land, as against the debts secured by the deed of trust. In such case it is well settled that the two deeds are regarded as a part of the same transaction, and the seizin of the grantor in the deed of trust is instantaneous and transitory, and his widow is not entitled to dower in the land itself. See *Holbrook* v. *Fenney*, 4 Mass. 566 ; *Stow* v. *Fifft*, 15 Johns. 458 ; *Clarke* v. *Munson*, 14 Mass. 351; *Gilliam* v· *Moore*, 4 Leigh 30. The decisions are admitted to be sound on common law principles; but it is claimed that these decisions are overruled and controlled by ch. 75, §1, p. 475, of our Code, which abolishes the vendor's lien unless expressly reserved on the face of the deed. But it cannot possibly have the effect claimed ; for the vendor, or his assignee in this case, is not claiming un-

1879
Special Term.

George, Ex'r,
v.
Cooper, Trustee,
et al.

der the implied vendor's lien, but under the express lien created by the deed of trust. If, as it is admitted, the deed and deed of trust must, according to the above decisions, be regarded as a part of the same transaction, then the two taken together amount to an express reservation of the vendor's lien in the deed by which the property was conveyed to the husband; and the widow can have no dower except in the surplus after the payment of the purchase-money, as was decided in *Hunter's ex'r* v. *Hunter et al.*, 10 W. Va. 321. But being entitled to dower in this surplus, she is obviously a necessary party to this suit; and if there be such surplus, the court should direct in this suit her dower interest in such surplus to be paid to her. The court ought not therefore to have dismissed this suit as to her, but should have retained her as a necessary party to the suit.

I have assumed that she had legally renounced her husband's will. The bill alleged that she claimed dower in the land, and that she had renounced, or would at the first opportunity renounce the provisions for her in her husband's will. The injunction afterwards prayed for by the defendants was founded on a statement in writing, in which they say they are informed she has renounced her husband's will, and base their application for an injunction on this renunciation as a fact; and the decree of the court is based also on the assumption that she has renounced her husband's will legally. Yet she has never answered the bill, and no evidence of her having renounced the will has ever been filed. But whether she has renounced the will or not, she is an indispensable party to this suit, as the proceeds of the sale of this land is given to her by the will after her husband's debts are all paid.

As the indispensable parties to this cause have not been brought before the court, the circuit court erred in hearing the cause, deciding it on its merits, and ordering a sale of this land. It should have directed the plaintiff to amend his bill, or have given him leave so to do, making

the necessary parties, on pain of the dissolution of the injunctions awarded and a dismissal of the suit, unless the necessary parties were brought before the court in a reasonable time.

The order of the circuit court made in vacation of date January 7, 1878, so far as it enjoined and restrained the plaintiff in said cause from selling the land or offering to sell the land in the deed of trust, or any other real estate of Montgomery Walker under his will, must be reversed, annulled and set aside; and also the decree of March 19, 1878, it being entered when the court had no right to hear the cause on its merits; and the appellant must recover of the appellees, The Wellsburg National Bank and John S. Beall, his costs in this Court expended; and this cause is remanded to the circuit court with instructions to grant the plaintiff leave to amend his bill and make the necessary parties to this cause in a reasonable time on pain of having the suit dismissed at his costs, and the injunctions heretofore awarded dissolved, and to be further proceeded with according to the principles laid down in this opinion, and further according to the rules governing courts of equity.

THE OTHER JUDGES CONCURRED.

DECREE REVERSED.    CAUSE REMANDED.