# CHARLESTON

## McClanahan v. Caul.

Submitted January 14, 1908.     Decided January 28, 1908.

1. Bills and Notes—*Action on Note—Pleading—Failure of Consideration*.

   The defense of a failure of consideration may be made, in an action of *assumpsit* upon a promissory note, either under the plea of *non-assumpsit* or a special plea under section 5, chapter 126, Code. (p. 420.)

Error to Circuit Court, Fayette County.

Action by H. A. McClanahan against A. C. Caul and others. Judgment for defendants, and plaintiff brings error.

*Affirmed.*

PAYNE & HAMILTON and J. F. BOUCHELLE for plaintiff in error.

BRANNON, JUDGE:

Action of *assumpsit* in the circuit court of Fayette county on two promissory notes of $500 each by H. A. McClanahan against A. C. Caul and H. A. Scott. Pleas of *non assumpsit* and a special plea. Verdict and judgment for the defendants, from which the plaintiff has appealed.

The plaintiff points out as error the admission of the special plea. That special plea states that three notes of $500 each had been given by the defendants to H. A. McClanahan as the price of a certain saloon and fixtures, and for the rent of a saloon building from 20th August, 1904, to the end of that fiscal year, which saloon and rent amounted to $525, and for the privilege of renting said building for at least one additional year after the end of the fiscal year at a rental price not to exceed twenty-five dollars per month; that the privilege of renting and using the building for at least one additional year after the end of the fiscal year 1904 formed a large part of the consideration for the notes, to-wit, $975, and was one of the inducements to the contract leading to the execution of the notes; that the plaintiff broke the contract and wholly failed to permit defendants to occupy and use the building for the year next succeeding the fiscal year 1904; and so the consideration for the notes had partially failed, and the defendants had sustained damages to the amount of the plaintiff's demand. Counsel for plaintiff say that this plea ought to have been received, because it is a plea of recoupment, and that the defense of recoupment should never be set up by a plea, citing *Sterling Co.* v. *House*, 25 W. Va. 87. Counsel say that there must be notice of recoupment, and that this plea was filed first on the day of trial, and thus too late, and it was not legal notice, but worked surprise. In response to these points we must say that this plea would be good notice of recoupment, if recoupment were the matter involved. If it notified of a claim for recoupment, why not good as a notice of recoupment? As to being filed too late. Counsel misapply the law when they say there must be notice of recoupment. When the books say this no reference is made

to the length of time of notice, but simply that a notice must be filed. If filed first on the trial day, it is good. To prevent surprise, the plaintiff, if not prepared to meet it, had right to continuance. But really this pleading does not come under the law of notice of recoupment. It is a plea of partial failure of the consideration on which the notes were based. Really as the notes were not under seal no such plea was needed, because failure of consideration on which a parol promise is based may be proven under the plea of *non-assumpsit.* Cases cited in *Columbia, etc.* v. *Roskey,* 93 Va. on p. 684; 4 Minor 793. But our statute, section 5, chapter 126, Code, says that in any action on a contract the defendant may file a plea of such failure in the consideration in the contract. So, the plea is clearly good defense, but unnecessary. Evidence was admissible under it and also under the general issue. The cases just cited hold that the statute does not impair the right to such defense under the general issue.

Another point made is that the contract of lease for more than a year is void under the statute of frauds, because it was not to be performed fully within a year, and was a lease for more than a year, without writing, and that damage cannot be recouped resulting from the refusal of the plaintiff to furnish the building for another year, because that would mean to enforce a contract not enforcible by reason of the statute of frauds. I have already said it is not a question of recoupment. The defendants do not ask damages by way of recoupment, but defend for failure of consideration. We may admit that where there is a contract not enforcible by reason of that statute, but partly performed, and an action for recovery for that part performed, there cannot be recoupment against compensation for the part performed for failure to complete the contract, as that would be to enforce an oral contract not enforcible. This is not a void contract, as against public policy or other reason, but simply one not enforcible. Where notes are given for a consideration which has failed, can there not be a defense for its failure? The common law said there could be in the case of unsealed instruments, and that under the plea of *non-assumpsit.* And section 5, chapter 126, Code, in words authorizes a plea whether the paper is sealed

or not. Is it possible that where a note was given for a
lease longer than a year and the lessor fails to deliver pos-
session, no plea of defense for such failure can be allowed
because the contract of lease is not enforcible under the statute
of frauds?

It is argued that there is a variance in the case in this, that
the plea alleges that the defendants were to have the building
only until 30th April, 1905, whereas their evidence was that
they were to have it until 20th August, 1905, with the
privilege of a year thereafter; that is, that the evidence claims
for loss of house for a longer time than the plea claims. Now
this is no variance. Besides, the party could have asked an in-
struction to disregard the evidence for the time after 30th
April, 1905, until 20th August, 1905, but did not, and in no
manner called it to the attention of the court. Further still,
the evidence was admissible under the general issue.

Complaint is made in the briefs for the allowance of
defendants' instruction No. 2. The defandants' instruc-
tions, though printed in the record, are not made a part of
the record.

A bill of exceptions was taken to the overruling of ob-
jections to certain questions, and sustaining objections to
certain questions. What ones are not specified, but we are
simply referred by the bill in general terms to the certifi-
cate of oral evidence; that is, the court must hunt up
each of those questions in the large report of oral evi-
dence. This will not do. State v. Harr, 38 W. Va. 58.
But the brief of counsel does not point these questions
out; indeed does not argue them, apparently does not rely
upon the point. I will add that it does not appear what
was proposed to be proved by answers to the questions not
allowed, and in such case there is no error. One question
is pointed out in the brief. The question was, "How
much was your father to get out of this?" probably meaning
what part of the $1,500. The answer expected is not sug-
gested. But I notice that it was not allowed to be answered,
because of plaintiff's own motion to reject it. Why does he
complain of this?

There was a motion made for a new trial, but no grounds
assigned. It was not said that the verdict was contrary to
the evidence. The law requires that the grounds for a new

trial be specified in the bill of exceptions, or in the motion, or in the briefs. *Hughes* v. *Strong*, 41 W. Va. 446; *Kay* v. *Glade*, 47 *Id.* 467; *Gregory* v. *Railroad*, 37 *Id.* 606. I need not have adverted to this because counsel does not argue it or rely on the motion for a new trial.

Complaint is made of the refusal of plaintiff's instruction No. 1, to the effect that the jury could not consider any evidence offered by the defendants relating to profits from their business which might have been made after 30th April, 1905. This means for the additional year during which the defendants were to have the privilege of leasing. That is upon the theory that the allowance of such damages would be an allowance of conjectural or speculative profits. We grant that profits that may or may not have been made, merely conjectural, cannot be allowed. *Bodkin* v. *Arnold*, 48 W. Va. 108; *Robrecht* v. *Marling*, 29 *Id.* 771. But we must remember that this saloon was an established business in a certain house, and that business broken up by the fact that the father of the plaintiff owned the house and sold it away from Caul and Scott, whereby they lost the right to possession and to continue their business. We find in 1 Sedgwick on Damages, section 189, this statement of the law that, "When the unlawful act of the defendant deprives the plaintiff of the use of business premises, the measure of damages would ordinarily be the value of the use of the premises, that is, their rental value. If, however, the business is an established one, and the interruption of business not remote, the plaintiff may recover the value of the use of the premises to him in his business **** The profits previously made may be shown in order that the jury may estimate the value of such use. But the plaintiff cannot recover compensation for the loss of expected *specific* profits; the earning of such profits is too conjectural, and depends upon too many contingencies." In section 188 it is stated that, "If however, the natural result of the eviction would be an injury to an established business, the plaintiff should also recover compensation for this injury to his business." I here refer to *Wells* v. *Nat. Life Association*, 53 L. R. A. 1, and note p. 39, where it is said that "Profits of a regular and established business, the value of which may be ascertained, are not contingent and speculative in the sense

that excludes profits from the consideration of the jury as an element of damages in an action for breach of contract." Now, in this case the defendants' business was cut off, and their demand is not for expected profits merely, but under the authority just given the injury to their business may be fixed by the jury. The defendants gave evidence of what their profits monthly had been in the past, and that was the evidence before the jury, and that was the evidence sought to be rejected by this instruction, and excluded from consideration. But we think it was admissible. I repeat that this is a question of *failure of consideration.* How much did the defendants lose by the total loss or stoppage of their business?

The plaintiff complains of the refusal of an instruction saying that even if McClanahan agreed to lease the building after April 30th, 1905, and refused to do so, and that the defendants were thereby damaged, the jury could not consider a claim for damages or any evidence relating thereto against the notes. That would be to say that though those notes were given for the consideration in part that McClanahan's would give defendants the privilege to lease for an additional year, and utterly denied that privilege, or failed to secure it to their tenant, defendants must pay the notes in full notwithstanding such material failure of consideration—pay something for nothing. This instruction would exclude any inquiry into this failure of consideration. It was properly refused. I should have said, though not material, that the first note was paid.

For this reason we must affirm the judgment.

*Affirmed.*