# CHARLESTON

## NULL *v.* BOWMAN.

Submitted March 19, 1908.    Decided March 31. 1908.

1. TRIAL—*Directing Verdict.*
      When the evidence tends in a fairly appreciable degree to sustain the plaintiff's action, the court must not strike out his evidence or direct a verdict for the defendant.   (p. 224.)

Error to Circuit Court, Cabell County.

Action by T. A. Null against Stewart H. Bowman and others.   Judgment for defendants, and plaintiff brings error.
                                    *Reversed.    Remanded.*

W. L. HIGGINS and GEO. S. WALLACE, for plaintiff in error.

GEO. J. McCOMAS, for defendants in error.

BRANNON, JUDGE:

.This is an action by T. A. Null against Stewart H. Bowman, C. I. Zirkle and S. A, Moore in the circuit court of Cabell county, and on its trial the court struck out the plaintiff's evidence and directed a verdict for the defendants, and rendered judgment for the defendants.

We need hardly say that the action was for fraudulent representation and deceit, charging all the defendants with it, inducing the plaintiff to buy worthless stock, as alleged, in an oil company, causing loss to the plaintiff.   The case does not really require an opinion.   If we do not detail and express opinion on the evidence, why detail the facts alleged?

We shall not detail the large volume of oral and documentary evidence in this case,   The defendants gave none.   It is not only useless, but we think would be improper to detail this evidence or express an opinion upon its weight and effect.   That is for a jury.   We should not prejudge the case before the action of a jury.   We express no opinion as to what a jury should do with the case.  We say only that it is a proper case for a jury, and that the court should not have taken it from the jury.   There was evidence tending in appreciable and material respects to sustain the allegations of

the declaration so far as to render it proper to submit the case to a jury. Further than this we say not. The case involves questions of fact controlling its decision and upon them a jury should pass. Many of our decisions say that when the evidence tends in a fairly appreciable degree to sustain an action, the court must not strike out the evidence or direct a verdict for the defendants. *Henry* v. *Ohio R. R. Co.,* 40 W. Va. 234; *Gwinn* v. *Bowers,* 44 *Id.* 507. It cannot be necessary to multiply cases on this principle of law, which is all we decide.

Therefore, we reverse the judgment and remand the case to the circuit court for a new trial.

*Reversed. Remanded.*