# CHARLESTON.

MIDDLE ATLANTIC IMMIGRATION CO. *v.* STOUT.

Submitted January 12, 1911. Decided February 18, 1913.

1. BILLS AND NOTES—*Draft—Action by Payee.*
   In absence of evidence to the contrary, proof showing a draft as part consideration for the purchase of real estate, drawn by the purchaser, at the instance of the seller, to one negotiating the sale, is *prima facie* sufficient, with the draft itself, to warrant recovery in any proper action by the payee against the drawer. (p. 24).

2. SAME—*Consideration.*
   Such proof shows a contract upon a valuable consideration. (p. 24).

3. SAME—*Action on Draft—Evidence.*
   The trial court erred in excluding the evidence and directing a verdict for defendant. (p. 24).

Error to Circuit Court, Barbour County.

Action by the Middle Atlantic Immigration Company against

W. T. Stout.   Judgment for defendant, and plaintiff brings error.

*Reversed.*

*Leroy V. Holsberry,* for plaintiff in error.

*Warren B. Kittle,* for defendant in error.

LYNCH, JUDGE:

Plaintiff sued before a justice, and recovered judgment for the amount of a draft for one hundred dollars, drawn in its favor by defendant.   On appeal, the circuit court, on motion, excluded its evidence and directed a verdict for defendant.   To this action the plaintiff excepted, and obtained this writ of error.

It complains of the refusal of the trial court to sustain its objection to defendant's plea of failure of consideration, because not verified as required by §5, ch. 126, Code 1906.   This objection is not tenable.   Under the general issue—*non-assumpsit,* or its equivalent upon appeal from a justice—failure of consideration and the other facts set out in the plea may be proved, with or without such plea.   *McClanahan* v. *Caul,* 63 W. Va. 418; *Organ Co.* v. *House,* 25 W. Va. 64; *Accident Association* v. *Rockey,* 93 Va. 684; Hogg's Pleading & Forms 175, 177.

Upon the trial the plaintiff offered to prove by Brown, its vice-president, the contract of sale by Barker to Stout for certain lands in consideration of five thousand dollars, for one hundred of which Stout at the instance of Barker drew the draft to plaintiff as payee, inferentially as compensation for effecting the sale.   He did state that the draft was drawn by Stout in favor of plaintiff at the request of Barker.   The contract, in the record, shows "one hundred dollars in sight draft."   The draft and the other deferred payments specified therein amount to five thousand dollars, the consideration agreed on.   The contract and the draft bear the same date.   They evidently relate to and are parts of one transaction, and therefore must be read together.   *George* v. *Cooper,* 15 W. Va. 666; *King* v. *Railway Co.,* 90 Va. 210; *Nye* v. *Lovitt,* 92 Va. 711.   Apparently before plaintiff had full opportunity of introducing all its proof, the trial court upon motion of the defendant excluded the material part of Brown's testimony and refused to admit the contract,

and later, on a like motion, excluded the whole of plaintiff's evidence, including the draft, and also directed a verdict for defendant, who introduced no evidence. The evidence so excluded by the court was competent, and *prima facie* sufficient for submission to the jury. The court erred, therefore, in its rulings upon defendant's motions. *Coulter* v. *Blatchley*, 51 W. Va. 163; *Null* v. *Bowman,* 64 W. Va. 224; *Williamson* v. *Nigh,* 58 W. Va. 630. The court also erred in refusing to permit the contract of sale to be given in evidence when offered by plaintiff in support of its claim.

. For these errors, the judgment of the circuit court is reversed, the verdict set aside, and a new trial awarded.

*Reversed.*