# CHARLESTON.

J. D. PARSLEY, *Adm'r., Etc.* v. ST. PAUL FIRE & MARINE
INSURANCE COMPANY

(No. 6173)

Submitted March 14, 1928.     Decided March 20, 1928.

INSURANCE—*To Recover Full Amount of Fire Policy Prorating Loss, Party Must Show Coverage of Another Policy Was Not Same or Loss Exceeding Total Insurance; Evidence as to Coverage of Prior Policy Held Insufficient to Justify Directing Verdict for Amount of Policy Carrying Pro Rata Clause.*

Where a party seeking to recover for loss by fire of household goods and personal effects to the full amount of an insurance policy, which carried a pro rata clause and permitted other insurance, admits that he holds a prior policy with another company "on household goods", it is incumbent on him to show that the property covered by the prior policy is outside the coverage of the policy sued on, or that the loss exceeds the total insurance.

(Fire Insurance, 26 C. J. §§ 730, 766.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Cabell County.

Action by J. D. Parsley, administrator, against the St. Paul Fire & Marine Insurance Company. Judgment for plaintiff, and defendant brings error.

*Judgment reversed; verdict set aside;*
*new trial awarded.*

*Vinson, Thompson, Meek & Renshaw* and *Harry Scherr,* for plaintiff in error.

*W. W. Smith,* for defendant in error.

WOODS, JUDGE:

The defendant complains of a judgment rendered against it in favor of the plaintiff for the full amount of a certain insurance policy on household goods and personal effects on account of loss by fire.

The policy sued on provides that, in the event of additional insurance, the insurer shall not be liable for a greater proportion of any loss or damage than the amount thereby insured shall bear to the whole insurance covering the property.

At the conclusion of the evidence (the administrator of insured being the only witness), the trial court over the objection of the defendant, and at the instance of the plaintiff, gave a peremptory instruction to find for the plaintiff for the full amount of the coverage under the policy sued on—$1,000.00.

Defendant contends that plaintiff's own evidence shows that the property lost was covered not only by the policy sued on, but by a prior policy of $2,500.00 taken out with the Columbian National Fire Insurance Company, and that its liability is thereby limited to such proportion of the loss ($1,537.25) as the amount insured by its policy bears to the whole amount of insurance on the property. However, plaintiff insists that the goods sued on were other than those covered by the Columbian policy.

Plaintiff testified to a loss of $1,537.25 under the policy sued on; that there was "other property" in the dwelling at the time of the fire which was covered by the Columbian policy; and that he had filed a proof of loss with the Columbian company. However, on cross-examination (after an examination of the latter policy), he stated that the articles purported to be covered by it were practically the same as those listed in the policy sued on, and also at request of defendant, he filed with his evidence a copy of the proof of loss filed with defendant company (which, in its caption, was directed to both

insurance companies jointly, and, in its body, made reference to both policies as being "on household furniture"), placing the cash value of the household furniture lost, destroyed and damaged by fire, as well as the amount of loss by reason thereof, at $1,537.25—the loss claimed under the policy sued on.

We do not believe that it has been sufficiently shown by the plaintiff's evidence that the policies involved did as a matter of law cover different properties. The Columbian policy would be the best evidence of the property it covered. While it was placed in plaintiff's hands for comparison, it was not introduced in evidence and was not before the court. The evidence is so meager and so indefinite that we are of opinion that it is not sufficient to warrant the court in directing a verdict for the entire amount of the policy sued on. *Loar* v. *Wolfe*, 71 W. Va. 627; *Null* v. *Bowman*, 64 W. Va. 224.

> *Judgment reversed; verdict set aside;*
> *new trial awarded.*